IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| IDA PETTUS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:11CV00046 SWW |
| | * | |
| ELBERT HARVEY, ET AL., | * | |
| | * | |
| Defendants. | * | |

**Memorandum Opinion and Order**

Plaintiff Ida Pettus ("Pettus") was employed by the Arkansas Department of Education ("ADE") from 1998 until she was terminated on January 14, 2011. She filed a complaint on January 18, 2011, alleging race discrimination and retaliation in violation of 42 U.S.C.§§ 1981 and 1983. She also alleges a violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and a state law claim under the Arkansas Civil Rights Act for violation of Article II, Section 4 of the Arkansas Constitution. Plaintiff named as defendants the State of Arkansas; Elbert Harvey, her supervisor at ADE, in his individual capacity; Dr. Thomas Kimbrell, Director of the ADE in his official capacity;[1] and Dr. Laura Bednar, a employee of the ADE, in her individual capacity.

---

[1] The Eighth Circuit has advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). When a plaintiff fails to state whether she is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the agent in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 533 (8th Cir. 1999); *Edgerdahl v. Hibbing Comty. College*, 72 F.3d 615, 620 (8th Cir. 1995). Pettus does not state whether she is suing Kimbrell in his individual capacity. She identifies him as the person who has authority to direct actions of all employees of the Department of Education. The Court, therefore, construes Pettus's claims against Kimbrell in his official capacity.

Now before the Court is a motion filed by defendants to dismiss some of plaintiff's claims. Plaintiff responded to the motion and defendants filed a reply. For the reasons stated below, the motion is granted.

## Standard of Review

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .
>
> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Id*. at 1949-50.

**Claims Brought Pursuant to 42 U.S.C.** § 1981

Pettus brings claims of race discrimination, retaliation, and hostile work environment against defendants pursuant to 42 U.S.C. § 1981. In *Singletary v. Missouri Dep't of Corrections,* 423 F.3d 886, 890 (8th Cir. 2005), the Eighth Circuit held that a State is absolutely immune from suit under § 1981. In *Artis v. Francis Howell v. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998), the Eighth Circuit recognized that a § 1981 claim against a state actor must be

asserted through 42 U.S.C. § 1983.  The Court finds the § 1981 claims should be dismissed.

**Claims Brought Pursuant to 42 U.S.C. § 1983**

Defendant State of Arkansas and Kimbrell, sued in his official capacity, move for dismissal of Pettus's claims brought pursuant to § 1983.  The United State Constitution absolutely bars suits brought by an individual against the State, regardless of the nature of relief sought.  *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89 (1985).  Pettus does not allege the State has waived this immunity and Congress did not abrogate states' immunity in enacting § 1983.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979).

Suing a state actor in his official capacity is the same as suing the state itself.  *Kentucky v. Graham*, 473 U.S. 159 (1985).  *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (state officials named in their official capacities are not "person" within the meaning of § 1983).  *Ex Parte Young*, 209 U.S. 123 (1980), allows prospective injunctive relief against official capacity state actors.  The only allegation Pettus makes against Kimbrell is that he "is the Director of the Arkansas Department of Education and has the authority to direct action of all employees of the [ADE]."  Compl. at ¶ 5.  There is no *respondeat superior* liability under § 1983, and Pettus makes no allegation that Kimbrell acted in any unlawful manner against her.  The Court finds Pettus's § 1983 claims against the State and Kimbrell should be dismissed.

**Claims Brought Pursuant to the FMLA**

PETTUS alleges she injured her knee and sought intermittent time off due to pain.  She agrees that the State of Arkansas is immune from suits for "self-care" claims under the FMLA.  Therefore, the State of Arkansas's motion to dismiss her FMLA claim against it is granted.

**State Law Claim**

Pettus asserts a supplemental state law claim under the Arkansas Civil Rights Act for violation of Article 2, Section 4 of the Arkansas Constitution. She sues defendants Harvey and Bednar in their individual capacities,[2] alleging they interfered with her right to file grievances and the EEOC charge by retaliating against her. Separate defendants move for dismissal based on the doctrine of qualified immunity and statutory immunity.

Qualified immunity shields public officials from liability for civil damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Qualified immunity is an affirmative defense for which the defendant carries the burden of proof." *Sparr v. Ward,* 306 F.3d 589, 593 (8th Cir.2002). "A court engaged in a qualified immunity inquiry uses a two-step process." *Lawyer v. City of Council Bluffs,* 361 F.3d 1099, 1103 (8th Cir.2004). The first question is, taken in the light most favorable to the party asserting the injury, whether the facts alleged show that the official's conduct violated a constitutional right. *Craighead v. Lee,* 399 F.3d 954, 961 (8th Cir.2005) (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)). "If the facts, taken in the light most favorable to the party asserting the injury, show that the [official's] conduct violated a constitutional right, the second question is whether the right was clearly established." *Id.* If the answer to either question is no, then the official is entitled to qualified immunity. *Doe v. Flaherty*, 623 F.3d 577, 583 (8th Cir. 2010).

Pettus fails to allege facts that state a claim that Harvey and Bednar violated her rights

---

[2]*See* Pl's. Br. in Support of Resp. to Partial Mot. to Dismiss, p. 3.

under the Arkansas Constitution by preventing her from petitioning the government. Pettus alleges she filed numerous grievances as well as an EEOC charge and a complaint with the United States Department of Education Office of Civil Rights. *See* Compl. at ¶¶ 28-33.[3]

Arkansas law also provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment. Arkansas Code Annotated Section 19-10-305(a) provides:

> Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

There is no allegation Harvey and/or Bednar have liability insurance. Arkansas law defines "malice" as

> an intent and disposition to do a wrongful act greatly injurious to another. Malice is also defined as the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. . . . A conscious violation of the law . . . which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief.

*Simons v. Marshall*, 255 S.W.3d 838, 842-43 (Ark. 2007)(internal citations and quotations omitted). Pettus fails to allege facts that allows the Court to draw a reasonable inference that defendants' actions were malicious.

**Conclusion**

[3]In paragraph 22 of her complaint, Pettus alleges she "attempted to file a grievance with the Arkansas Department of Education on October 14, 2010 and was not allowed to do so are it was supposedly untimely." Pettus makes no allegation that Harvey or Bednar refused this grievance.

IT IS THEREFORE ORDERED that defendants' motion for partial dismissal [docket entry 9] should be and is hereby granted. Plaintiff's claims against the State of Arkansas and Kimbrell are dismissed; plaintiff's claims brought under 42 U.S.C. § 1981 and the Arkansas Civil Rights Act are dismissed.

DATED this 4th day of May, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE